Per Curiam.

The powers and duties of the respondent commission are defined by Section 4366-15, General Code, to be the making of “plans and maps of the region * * * showing the commission’s recommendation for systems of transportation * * * and other public improvements which affect the development of the region.” Section 4366-16, General Code, requires the commission, “after making the regional or county plan,” to “certify a copy thereof to the * * * county commissioners.” Section 4366-17, General Code, provides that “the county commissioners * * * may adopt such plan,” and prescribes the effect of such adoption. It thus appears that the powers and duties of the com *498 mission are limited to the making of plans showing its recommendations, that such plans and recommendations are without legal effect until adopted by the county commissioners, and that the functions of the commission are purely ministerial. No rights of relator would be affected by the completion of the plans by respondent commission or by its recommendation.
The petition discloses that no definite plans are now in existence and does not allege any attempted unlawful assumption of jurisdiction of a judicial or quasi-judicial nature. The allegation that the respondent commission “has requested the prosecuting attorney of Franklin county Ohio to seek an injunction against relator proceeding with the condemnation of land for the construction of such power lines ’ ’ refutes any suggestion that the respondent commission intends to attempt a usurpation of any judicial authority.
The extraordinary remedy of prohibition is not available to prevent the performance of a purely ministerial act. State, ex rel. Meurer, v. Eyrich, Jr., 154 Ohio St., 471, 96 N. E. (2d), 412.
The demurrer is sustained and a writ is denied.

Writ denied.

Weygandt, C. J., Middleton, Taft, Matthias, Hart, Zimmerman and Stewart, JJ., concur.